STATE OF TEXAS                    §

NACOGDOCHES COUNTY          §

RECEIVED
COURT OF CRIMINAL APPEALS
9/27/2016
ABEL ACOSTA, CLERK

## AFFIDAVIT OF CLAY DEAN THOMAS

Before me, the undersigned notary, on this day personally appeared Clay Dean Thomas, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1. "My name is Clay Dean Thomas. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. "At approximately 1:55 p.m. on August 13, 2014, Relator Jeremie Tennison and his mother were in route to the funeral of his grandfather on Farm to Market Road 343 in Nacogdoches County, Texas. Approximately three miles from the site of the funeral, Mr. Tennison passed Trooper Larry Linder of the Texas Highway Patrol. Trooper Linder's radar unit registered Mr. Tennison was traveling at 77 miles per hour in a 55 mile per hour speed zone. Upon activating the emergency lights, Trooper Linder's in-vehicle video unit began recording the entire incident although the audio was either of immensely poor quality or was purposefully turned off. Trooper Linder pursued Mr. Tennison and initiated the stop without incident.

Upon contact with Mr. Tennison, Trooper Linder inquired as to the purpose of the Relator's speed. Mr. Tennison related that they were attempting to get to his grandfather's funeral prior to its start. Trooper Linder then began to question Mr. Tennison's mother. He stated, "I saw you with that other boy the other day. What were you doing with him?" Trooper Linder's questioning indicated he was questioning her about her previously being in the company of a black man. Linder then asked, "What are you doing with him?" indicating the Relator. Mrs. Tennison replied, "That's my son."

Trooper Linder made the assessment that Mr. Tennison was intoxicated. He then moved Mr. Tennison to a location out of range of his vehicle video for the purpose of performing sobriety tests upon him. Contemporaneous with this

1

action, Mr. Tennison's father arrived on the location. After the sobriety tests had been performed, Trooper Linder approached the senior Mr. Tennison and engaged him in conversation. During this, the Relator returned to his seat in the still running pickup truck to take advantage of air conditioning in the hot August heat.

Upon recognizing the Relator was behind the wheel, Trooper Linder approached the truck and grabbed Mr. Tennison by the hair, violently yanking on his head several times, arguably fracturing two of the Relator's cervical vertebrae. To avoid the assault, the Relator put the vehicle in drive and sped away while leaving a thick cloud of dust. Trooper Linder immediately pulled his service weapon and fired several times at the vehicle. Trooper Linder then approached the senior Mr. Tennison in anger and assaulted him with his fist.

Trooper Linder then reported to dispatchers that Mr. Tennison had attempted to run him over, necessitating the use of his service weapon. Trooper Linder was shortly notified that Mr. Tennison and his mother had crashed into a tree on County Road 874 in Nacogdoches County, Texas. By the time Trooper Linder arrived on the scene, the vehicle was engulfed in fire. Trooper Linder used his fire extinguisher to momentarily suppress the fire so that an extraction could be made. The Relator was left untreated in any significant circumstance until EMS arrived.

An ambulance was dispatched from Nacogdoches EMS at 2:10 p.m. and arrived at approximately 2:30 p.m. After attempting to address Mr. Tennison's wounds, EMS left in transport at approximately 3:00 p.m., arriving at the Nacogdoches Memorial Hospital at 3:25 p.m. During transport, Mr. Tennison was given morphine to alleviate the pain. While in treatment at the Nacogdoches Memorial Hospital, Trooper John Riggins informed Mr. Tennison he was under arrest for Driving While Intoxicated and requested a blood sample. Mr. Tennison complied without warrant and a sample was drawn by the hospital's phlebotomist. The sample was mailed to the DPS Laboratory in Tyler, Texas. Subsequent testing indicated that Mr. Tennison's blood alcohol content was 0.054 with 99.7% confidence. An additional drug screen indicated the presence of Lorazepam and morphine administered by medical personnel. After an initial evaluation, Mr. Tennison was transported to LSU Medical Center in Shreveport. After a period of some months attempting to rehabilitate the leg, it was amputated by surgical staff.

2

On September 19, 2014, Mr. Tennison was indicted for the crime of evading arrest. (Exhibit A) On April 2, 2015, the 420th Judicial District Court of Nacogdoches County appointed John Henry Tatum II as Mr. Tennison's counsel. (Exhibit B) On March 7, 2016, Mr. Tennison waived his right to a Jury Trial with the advice of counsel. (Exhibit C) Mr. Tennison was then set for a plea on May 12, 2016. (Exhibit D) He ultimately chose not to accept the plea and dismissed John Henry Tatum, II and retained the services of Winfred Aaron Simmons, II, a local attorney. The District Clerk's Record is silent on this transaction as it appears no record of the dismissal or removal of Mr. Tatum was filed with the clerk and no appearance was filed by Mr. Simmons. Based on his earlier waiver of a jury trial, the Relator was set for a bench trial on August 3, 2016. (Exhibit E) Mr. Tennison, believing his counsel at that time was unprepared for such a trial, sought to plea to the matter on that date.

Previous to this plea date, the Tennison family retained the services of present counsel to defend Mr. Tennison. Particular in their stated desire was to ensure the trial would "flesh out" facts the Relator believed would not have been presented by previous counsel and his stated desire that this trial be conducted before an impartial jury of his peers. On August 2, 2013, Counsel filed a Motion For Substitution of Counsel (Exhibit F) which was granted by the court (Exhibit G). Contemporaneous to that motion, counsel also filed a Motion For Continuance (Exhibit H) which was granted, setting the Defendant for a Bench Trial on September 28, 2016. (Exhibit I) On August 23, 2016, Defendant filed a Motion to Withdraw Waiver of Jury Trial. (Exhibit J) On the same day, August 23, 2016, the Defendant filed a Motion for a Pretrial Hearing. (Exhibit K) During a subsequent verbal communication with Pamela Sowell, the 420th District Court Coordinator, Defendant's Counsel was told Judge Klein would take the matter up on the day of the Bench Trial."

DATED this 27th day of September, 2016.

_____
Clay Dean Thomas

SWORN to subscribed before me, this 27th day of September, 2016.

_____
NOTARY PUBLIC

ROCHELLE R. GIBBS
Notary Public, State of Texas
Comm. Expires 11-04-2018
Notary ID 128435521

3